UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20338-CR-SEITZ/McAliley

**UNITED STATES OF AMERICA**

**v.**

**DERRICK MORLEY, and
DWIGHTE MORLEY,**

       **Defendants.**
_____/

## GOVERNMENT'S SECOND RESPONSE TO
## THE STANDING DISCOVERY ORDER

The United States, by and through the undersigned Assistant United States Attorney, hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.   1.   The government is unaware of any written or recorded statements made by the defendants.

2.   That portion of the written record containing the substance of any oral statement made by any of the defendants before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached.

3.   Co-conspirator testified before the Grand Jury.

4.   The NCIC record of the defendants, if any, are attached.

5.   Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 East Broward Blvd. 7th Flr., Fort Lauderdale, Florida 33394. Also enclosed is a compact disk containing images. Please call the undersigned to set up a date and time that is convenient to both parties.

        The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

    6.    A laboratory analysis report regarding the seized controlled substances in connection with this case, is attached hereto.

B.    DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.    The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D.    The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E.    The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.    Each defendant was identified in photo spread or similar identification proceedings.

G.    The government has advised its agents and officers involved in this case to preserve all rough notes.

H.    The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.    The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.    The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. No contraband, other than that described in paragraph A.6., is involved in this indictment.

The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples will be set aside to be used as evidence at trial.

L. If you wish to inspect the vessel seized in connection with the commission of the offense, please contact the undersigned or the Drug Enforcement Administration.

Security requirements mandate strict compliance with the procedures established for the granting of access for inspection of seized vessels, aircraft and vehicles.

Accordingly, the United States Attorney's Office cannot process last-minute requests for inspection. In order to meet security requirements, all requests to inspect seized vessels, aircraft or automobiles must be received by the AUSA handling the case on or before fifteen (15) days from the date of the Certificate of Service attached hereto.

If you anticipate that this deadline may create a problem for you or your client, please promptly send written notice to the appropriate AUSA..

M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N. To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial. However, the government does intend to offer the expert testimony of the forensic chemist who analyzes the seized controlled substances.

Having made this disclosure, the government hereby demands a written summary of expert testimony that the defense reasonably expects to offer at trial pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence, describing the witnesses' opinions, the bases and the reasons for those

      opinions, and the witnesses' qualifications.

O. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P. At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

  The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

  In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

    Time: See Indictment
    Date: See Indictment
    Place: See Indictment

  The attachments to this response are numbered pages  0001  -  0638  . (Previously disclosed in Government's Initial Response to Standing Discovery Order as to defendant Eugene Russell). Please contact the undersigned Assistant United States Attorney if any pages are missing.

            Respectfully submitted,

            R. ALEXANDER ACOSTA
            UNITED STATES ATTORNEY

    By:    s/ Robin Waugh-Farretta
         Robin Waugh-Farretta
         Assistant United States Attorney
         Florida Bar No. 0537837
         500 East Broward Blvd., 7th Flr.
         Fort Lauderdale, FL 33394
         Tel: (954) 356-7255 x3512
         Fax: (954) 356-7336
         Robin.waugh@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 2, 2007, I electronically filed the foregoing document (without attachment) with the Clerk of the Court using CM/ECF and to counsel of record (via FedEx with attachment) as indicated in the service list below.

>s/ Robin Waugh-Farretta
>Robin Waugh-Farretta
>Assistant United States Attorney

## SERVICE LIST

**United States v. Eugene Russell, et al.**
**Case No.: 07-20338-CR-SEITZ/McAliley**
**United States District Court, Southern District of Florida**

Neil M. Nameroff, Esquire
*Attorney for Eugene Russell*
100 SE 2nd Street
Suite 3920
Miami, FL 33131-3216
Office: 305-536-8700
Fax: 305-536-8704
Email: nameroff@bellsouth.net

Raymond D'Arsey Houlihan, III, Esquire
*Attorney for Derrick Morley*
Federal Public Defender's Office
150 W Flagler Street
Miami, FL 33130-1556
Office: 305-530-7000
Fax: 305-536-4559
Email: d'arsey_houlihan@fd.org

Jack Ross Blumenfeld, Esquire
*Attorney for Dwighte Morley*
9130 S Dadeland Boulevard
Suite 1200
Miami, FL 33156
Office: 305-670-3311
Fax: 670-7003
Email: jackb@papajack.net