**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 07-20338-CR-SEITZ/McAliley**

UNITED STATES OF AMERICA

v.

EUGENE RUSSELL,
DWIGHTE MORLEY, and
DERRICK MORLEY,

               **Defendants.**/

**GOVERNMENT'S NOTICE OF INTENT TO OFFER EVIDENCE OF OTHER CRIMES
PURSUANT TO F.R.E RULE 404(b) and INCORPORATED MEMORANDUM OF LAW**

**COMES NOW** the United States of America, by and through its undersigned attorney, and hereby gives notice pursuant to Rule 404(b) of the Federal Rules of Criminal Procedure of defendants Eugene Russell's and Derrick Morley's prior bad acts and notice that the evidence at trial will not be limited to the acts charged in the Indictment.

The Government intends to offer at trial either in its case in chief or in rebuttal, the following prior bad acts:

(1)    On or about January 11, 1994, defendant Derrick Morley possessed and imported a quantity of marijuana into the Southern District of Florida.

(2)    On or about March 21, 2002, defendant Eugene Russell possessed and imported a quantity of marijuana into the Southern District of Florida.

Pursuant to Rule 404(b), evidence of other crimes, wrongs, or acts may be admissible to establish proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. Rule 404(b) is generally deemed a rule of "inclusion" because courts favor the admission of evidence of other crimes, wrongs, or acts if they are relevant to show more than the defendant's mere propensity to commit the crime. *United States v. Cruz*, 326 F.3d 392, 395 (3rd Cir. 2003). The evidence is evaluated under a three-part test: (1) the "bad acts" evidence is relevant to

an issue other than the defendant's character; (2) the prior act occurred and the defendant was the actor; and (3) the probative value of introducing the evidence outweighs any prejudicial effect. *United States v. Mills*, 138 F.3d 928 (11th Cir. 1998); *United States v. Cancelliere*, 69 F.3d 1116 (11th Cir. 1995); and *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978).

      1.      <u>Evidence Has A Proper Purpose</u>

First, the "bad acts" evidence is sought to show each Defendant's opportunity, identity, intent, knowledge, and absence of mistake or accident concerning each Defendant's importation and possession with intent to distribute marijuana and the Defendants' aiding and abetting others to do the same - - as charged in the indictment - - all proper purposes.

Clearly, then, despite any suggestion to the contrary by Defense, the Defendants certainly had intent, opportunity, knowledge, and ability to formulate intent to commit the offense at hand, and further would not have been merely present or present by mistake during the commission of the offense for which each defendant has been indicted. In drug cases, a defendant's prior drug trafficking offense will generally be admissible to prove that he acted with the requisite intent in connection with the charged offense. *United States v. Dickerson*, 248 F.3d 1036 (11th Cir. 2001); *United States v. Zapata*, 139 F.3d 1355 (11th Cir. 1998); *United States v. Cardenas*, 895 F.2d 1338 (11th Cir. 1990). This is particularly in cases where the defendant raises a "mere presence" defense to the charge. *See*, *United States v. Delgado*, 56 F.3d 1357 (11th Cir. 1995). "Intent is always at issue when a defendant pleads not guilty to a conspiracy charge." *United States v. Butler*, 102 F.3d 1191, 1195-96 (11th Cir. 1997) (the Eleventh Circuit allowed evidence that the defendant was convicted for personally using cocaine to prove that the defendant conspired to traffic in cocaine, notwithstanding that the personal use conviction occurred more than three years before the alleged

conspiracy). *See also*, *United States v. Thomas*, 58 F.3d 1318, 1322 (8th Cir. 1995) ("when a defendant raises the issue of mental state, whether by a 'mere presence' defense that specifically challenges the mental element...or by means of a general denial that forces the government to prove every element of its case, [Rule 404(b)] evidence is admissible because mental state is a material issue").

Notwithstanding that the offenses were committed by Derrick Morley and Eugene Russell in 1994 and 2002, respectively, evidence admitted pursuant to Rule 404(b) is not restricted by the same time constraints as Rule 609(b) (governing evidence of prior convictions to impeach a witnesses). *United States v. Rubio-Gonzalez*, 674 F.2d 1067 (5th Cir. 1982). Evidence admitted under Rule 404(b) of the prior crime from six and seven years ago would not be substantially weakened such that the balance weights in favor of their exclusion. *Meacham v. United States*, 115 F.3d 1488 (10th Cir. 1997) (allowing evidence of offenses 30 years prior). Though remoteness in time to the prior offense is a factor to consider, a five year old drug conviction is probative of a defendant's state of mind in a drug conspiracy case. *United States v. Pollock*, 926 F.2d 1044 (11th Cir. 1991) *cert. denied*, 502 U.S. 985 (1991) (observing that a five-year span between charged and extrinsic offense is not necessarily "beyond the pale," and citing with approval cases from other circuits affirming admission of evidence of extrinsic acts that occurred ten and thirteen years before the charged offense). In these prior bad acts listed above, the Defendants possessed and imported marijuana, similar to the instant charge in the Indictment.

    2.    <u>Evidence Is Established By Sufficient Proof</u>

Second, the "bad acts" evidence must be established by sufficient proof to allow the jury to find that the defendant committed the 404(b) act. The government need not prove the bad act by a

preponderance of evidence or any other quantum of proof. Rather, this prong is met if a *jury* could determine, by a preponderance of the evidence, that the prior bad act was committed. *See Huddleston v. United States*, 485 U.S. 681, 690 (1988).

As evidence of the prior bad acts listed above, the Government intends on calling as witnesses the investigating law enforcement officers. *See*, *United States v. Dickerson*, 248 F.3d 1036 (11th Cir. 2001) (the government is even permitted to introduce the statements of an uncorroborated accomplice as sufficient basis for concluding that the defendant committed the offense admissible under Rule 404(b)).

With this evidence, the jury could determine, by a preponderance of the evidence that Defendants Derrick Morley and Russell did in fact commit the other crimes, and did in fact import marijuana into the Southern District of Florida on at least one prior occasion.

3. Evidence Is Highly Probative And Not Substantially More Prejudicial

The "other crimes" evidence sought to be introduced is highly probative (due to the similarity of the drug crimes) and is not substantially outweighed by undue prejudice. In considering the probative value of the "other crimes" evidence, the Eleventh Circuit has instructed courts to consider the degree of similarity between the 404(b) evidence and the charged offense. *United States v. Delgado*, 56 F.3d 1357, 1366 (11th Cir. 1995). Here, the offenses are strikingly similar. In the instant case, the Defendants are charged with offenses related to importation into the United States from a place outside thereof 100 kilograms of marijuana and possession with intent to distribute 100 kilograms of marijuana, not unlike each of their prior bad act of importing and possessing marijuana.

The Eleventh Circuit has repeatedly held that "extrinsic drug offenses do not tend to incite

a jury to an irrational decision" and thus, do not result in undue prejudice to the defendant. *Id*. at 1366; *see also United States v. Zapata*, 139 F.3d 1355, 1358 (11th Cir. 1998) (reasoning that extrinsic drug offenses generally do not result in undue prejudice because, drug offenses are not "heinous acts which would have produced an irrational response from the jury nor were likely to mislead or confuse the jury"). The similarity between the extrinsic acts and the charged offenses, suggests the probity of the evidence. Defendants Derrick Morley and Eugene Russell have each entered a plea of not guilty, which clearly placed their identity, intent and knowledge at issue. *United States v. Dorsey*, 819 F.2d 1055, 1060 (11th Cir. 1987), *cert. denied*, 486 U.S. 1025 (1988). Any "prejudicial" effect from the extrinsic evidence stems solely from its incriminating nature. All relevant evidence is inherently "prejudicial," but only unduly prejudicial evidence is excluded by Fed. R. Evid. 403. *United States v. Williams*, 816 F.2d 1527, 1532 (11th Cir. 1987). Finally, the jury will be instructed prior to hearing the "other crimes" evidence that such evidence should only be used for a limited purpose - - to consider each defendant's identity, intent or knowledge. Moreover, that same cautionary instruction could be given at the close of the case.

                                              Respectfully submitted,

                                              R. ALEXANDER ACOSTA
                                              UNITED STATES ATTORNEY

                                     By: s/ Robin Waugh-Farretta
                                         Robin Waugh-Farretta
                                         Assistant United States Attorney
                                         Florida Bar No.: 0537837
                                         500 East Broward Blvd. Suite 700
                                         Fort Lauderdale, Florida 33394
                                         Tel: (954) 356-7255
                                         Fax: (954) 356-7336

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 15 , 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and to counsel of record as indicated in the service list below.

s/ Robin W. Waugh<br>
ROBIN W. WAUGH<br>
ASSISTANT UNITED STATES ATTORNEY

**SERVICE LIST**

**United States v. Eugene Russell, et al.**
**Case No.: 07-20338-CR-SEITZ/McAliley**
**United States District Court, Southern District of Florida**

Neil M. Nameroff, Esquire
100 SE 2nd Street
Suite 3920
Miami, FL 33131-3216
Office: 305-536-8700
Fax: 305-536-8704
Email: nameroff@bellsouth.net
*Counsel for Eugene Russell*

Roderick Darrell Vereen, Esquire
Brinkley Henrys & Lewis
4770 Biscayne Boulevard
Suite 1200
Miami, FL 33137
305-576-1201
Fax: 576-2304
Email: Vereen2469@aol.com
*Counsel for Dwighte Morley*

Larry Robert Handfield, Esquire
4770 Biscayne Boulevard
Miami, FL 33137
305-576-1011
Fax: 576-2304
Email: LHANDF2802@aol.com
*Counsel for Derrick Morley*