UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-20338-CR-SEITZ/O'SULLIVAN

UNITED STATES OF AMERICA,

v.

EUGENE RUSSELL,

      Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTIONS FOR NEW TRIAL

THIS MATTER is before the Court upon Defendant's Motion for New Trial [DE-121] and Amended Motion for New Trial [DE-124]. Defendant argues that the Court erred by: (1) denying Defendant's motions for judgment of acquittal at the end of the Government's case and at the end of all evidence; (2) limiting Defendant's cross-examination of City of Miami Police Detective Valentin; (3) allowing the jury to determine the true weight of the marijuana, which Defendant alleges contained an unmeasured amount of water, without the Government's showing calibration of the scale used for weighing; and (4) granting the Government's request for a "flight" instruction. Having reviewed Defendant's motions, the Government's response thereto [DE-128], and the record, the Court shall deny Defendant's motion.

I.    **NEW TRIAL STANDARD**

Unlike a motion for judgment of acquittal, on a motion for new trial, the Court need not view the evidence in the light most favorable to the verdict. United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985). Instead, a court may weigh the evidence and consider the credibility of witnesses and, if in doing so, concludes that the evidence "preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." Id. As motions for new trials are not favored, courts "are to grant them sparingly and with caution, doing so only in those really 'exceptional cases.'" Id. at 1313.

As discussed below, this is not an exceptional case and none of Defendant's arguments provide valid reasons for the Court to grant a new trial. The evidence at trial was more than sufficient to support the guilty verdict. The evidence included testimony from two co-conspirators, a forensic chemist, and several law enforcement officers who conducted surveillance of Defendant and his co-conspirators. The evidence also included telephone records, evidence of Defendant's 2002 marijuana importation conviction, records showing Defendant's connection with the boat used to transport the marijuana, and a prescription medication bottle with Defendant's name on the label found on the boat. Because of the weight of the evidence, the Court cannot conclude that a serious miscarriage of justice occurred.

## II. DEFENDANT'S ARGUMENTS

### A. *Cross-Examination of Detective Valentin*

Defendant argues that by limiting his cross-examination of Detective Valentin, the Court denied his Sixth Amendment right to confront the Government's witness. Detective Valentin conducted surveillance the night that law enforcement officers witnessed the off-load of the marijuana at Royal Road, Coconut Grove. Defendant contends that he should have been allowed to ask if Detective Valentin had identified Defendant in a photo array as the boat captain, on the grounds that if the witness "had been shown this photo array and did not identify [Defendant], such evidence would have literally blown the government's case 'out of the water.'" [DE-131, p.4, ¶ 3.]

The Sixth Amendment entitles a defendant to confront an adverse witness, including through cross-examination. *See* Wasko v. Singletary, 966 F.2d 1377, 1381 (11th Cir. 1992). However, this right only protects cross-examination that is *relevant*; the Court may limit a defendant's cross-examination when he seeks to elicit matters that are irrelevant. Id.; *see also* United States v. Diaz, 26 F.3d 1533, 1540 (11th Cir. 1994). So long as a defendant has sufficient opportunity to delve into the witness's credibility, the Confrontation Clause is satisfied. Diaz, 26 F.3d at 1540.

The line of questioning Defendant wished to pursue was properly restricted as it was not relevant and, furthermore, was misleading. Detective Valentin testified as to the events he observed the night the marijuana was unloaded from the boat, including seeing the boat pass his surveillance position.

However, Detective Valentin also testified that he did not see the boat captain's face; thus, the line of questioning about whether he identified the boat captain in a photo array would not have "blown the government's case out of the water." The Court gave Defendant sufficient opportunity at trial to attack Detective Valentin's credibility; this opportunity is all that the Confrontation Clause requires. Furthermore, the evidence suggesting Defendant's guilt – testimony from two cooperating co-conspirators corroborated by law enforcement surveillance and telephone call logs and other physical evidence – was substantial.

### B. *The Weight of the Marijuana*

Defendant argues that the jury could not determine the true weight of the marijuana because "all the relevant evidence had shown to include an unmeasured amount of water" and the scale used for weighing was not shown to be calibrated. [DE-121, p. 5, ¶ 4.] To the contrary, the Government produced sufficient evidence to support the jury's finding Defendant accountable for 100 kilograms of marijuana. In addition to photographs of the seized substance, two cooperating co-conspirators testified that the substance was, in fact, marijuana. They also testified that they anticipated receiving approximately 100 kilograms of marijuana and, for that reason, involved several individuals to unload it from the boat. The jury also heard testimony from forensic chemist Raezer, who confirmed the weight and nature of the substance seized and testified that the marijuana was tightly packed in plastic and dry. Agent Blier testified as to the state and condition of the marijuana at the time of seizure, specifically that he had weighed the entire seizure, that the substance was dry, and that a representative quantity was tested and proved positive for marijuana. Each of these witnesses was subject to Defendant's cross-examination and Defendant could have recalled Agent Blier as a witness in his case but did not. In sum, the record supports the jury's determination that Defendant imported 100 kilograms of marijuana.[1]

---

[1] Furthermore, the verdict form allowed the jury to make a factual finding as to whether the Government proved beyond a reasonable doubt the nature of the substance and, if they found Defendant guilty of the offense, to select the weight of the substance involved (i.e., "100 kilograms or more of marijuana" or "less than 100 kilograms of marijuana"). The jury found Defendant guilty on all counts and that 100 kilograms or more of marijuana were involved in all counts.

## C. The "Flight" Instruction

Lastly, Defendant argues that there was insufficient evidence at trial to support giving a "flight" instruction to the jury. Specifically, Defendant contends the evidence did not show Defendant "fled from police so as to show a consciousness of guilt." [DE-124, ¶ 2.] A court has broad discretion in formulating the charge to the jury, so long as it accurately reflects the law and the facts. *See* United States v. Walker, 720 F.2d 1527, 1541 (11th Cir. 1983) (citations omitted). Where there is sufficient evidence to support a court's conclusion that a defendant's flight demonstrated consciousness of guilt concerning the crime charged, it may give a "flight" instruction. United States v. Blakey, 960 F.2d 996, 1000-01 (11th Cir. 1992).

In this case, the evidence amply supported giving a "flight" instruction to the jury. According to testimony from law enforcement officers and from Defendant's co-conspirators, Defendant operated the boat the night of the seizure and fled immediately after law enforcement officers converged on the area where the marijuana was being off-loaded from the boat. Detective Valentin testified that the boat sped away from the scene at a high rate of speed. The boat was recovered two days later in a condition suggesting that it had been hastily abandoned and with a prescription bottle with Defendant's name on the label on the deck. In light of this evidence, the Court gave the "flight" instruction, noting that flight

> is not, of course, sufficient in itself to establish a Defendant's guilt but is a fact which, if proved, may be considered by you, in the light of all the other evidence in the case, in determining guilt or innocence. If you find by evidence beyond a reasonable doubt that the captain of the [boat] was [Defendant], then you may consider whether [Defendant's] conduct in this case constituted flight.

The Court also reminded the jurors that they "may decide whether or not that flight showed a consciousness of guilt on his part, and the significance to be attached to that evidence." Thus, because the "flight" instruction was supported by the evidence and was a correct statement of the law, it was a proper instruction.[2]

---

[2] As discussed with the parties at the charge conference, the instruction was based on cases from the Eleventh and Fifth Circuits, including United States v. Blakey, 960 F.2d 996, 1000 (11th Cir. 1992)(the government may introduce evidence of flight as substantive evidence to prove consciousness of guilt for the offense charged); United States v. Watson, 866 F.2d 381, 385 (11th Cir.

In sum, each of Defendant's arguments fails; justice does not require a new trial. Based upon the foregoing reasons, it is hereby

ORDERED that Defendant's Motion for New Trial [DE-121] and Amended Motion for New Trial [DE-124] are DENIED.

DONE and ORDERED in Miami, Florida, this 7th day of August, 2008.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: United States Magistrate Judge John J. O'Sullivan
All Counsel of Record

---

1989); United States v. Beard, 775 F.2d 1577, 1581 (11th Cir. 1985); and United States v. Williams, 775 F.2d 1295, 1300 (5th Cir. 1985), cert denied, 475 U.S. 1089 (1986).